```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

MICHAEL KEEL,

               Plaintiff,

vs.                                     Case No. 13-1458-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

               Defendant.


                      MEMORANDUM AND ORDER

     This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties.

**I.  General legal standards**

     The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On August 22, 2011, administrative law judge (ALJ) Christina Young Mein issued the 1st ALJ decision, finding plaintiff not disabled (R. at 98-108). On October 25, 2012, the Appeals Council issued a decision remanding the case back to the ALJ (R. at 114-116).

On August 27, 2013, ALJ Timothy G. Stueve issued the 2nd ALJ decision (R. at 11-27). Plaintiff alleges that he had been disabled since May 12, 2009 (R. at 12). Plaintiff meets the insured status requirements for social security disability benefits through December 31, 2013 (R. at 14). At step one, the ALJ found that plaintiff did not engage in substantial gainful activity after the alleged onset date (R. at 14). At step two, the ALJ found that plaintiff had severe impairments of chronic pain syndrome; degenerative disc disease of the lumbar spine; an affective disorder variously described in the record as both a bipolar disorder and major depression; and generalized anxiety disorder (R. at 14). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 15-16). After determining plaintiff's RFC (R. at 16), the ALJ determined at step four that plaintiff is unable to perform past relevant work (R. at 25). At step five, the ALJ found that plaintiff could perform jobs that exist in significant numbers in the national economy (R. at 26). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 26-27).

**III. Are the ALJ's RFC findings supported by substantial evidence?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each

conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7. SSR rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).

When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence. See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003). The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003). It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions. Cruse v. U.S. Dept. of Health & Human Services, 49

F.3d 614, 618 (10th Cir. 1995). When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination. Such bare conclusions are beyond meaningful judicial review. <u>Brown v. Commissioner of the Social Security Administration</u>, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

At step two, the ALJ found that plaintiff had severe impairments of affective disorder and a generalized anxiety disorder (R. at 14). Plaintiff argues that the ALJ failed to provide limitations related to his RFC finding of generalized anxiety disorder, and that the RFC failed to incorporate all of plaintiff's mental limitations.

In reviewing plaintiff's mental limitations, the ALJ found that plaintiff had a moderate limitation in the category of concentration, persistence and pace (R. at 15-16, 24). Specifically, the ALJ stated that plaintiff has some difficulty in sustaining focus, attention and concentration sufficiently long enough to permit the timely and appropriate completion of tasks commonly found in work settings (R. at 15-16). The ALJ stated that he accommodated the moderate difficulties in maintaining concentration, persistence and pace by limiting plaintiff in his RFC findings to simple, routine and repetitive

tasks, involving only simple, work related decisions with few, if any, work place changes (R. at 24, 16). This limitation was included in the hypothetical question to the vocational expert (VE) (R. at 60).

The question raised is whether the RFC assessment is insufficient because it lacks limitations consistent with all of plaintiff's severe mental impairments (Doc. 11 at 13). The ALJ himself found that plaintiff has moderate difficulties in maintaining concentration, persistence and pace. However, this limitation was not included in the RFC findings, nor in the hypothetical question to the VE. Instead, the ALJ asserted that this moderate limitation was accommodated by limiting plaintiff in his RFC findings to simple, routine and repetitive tasks, involving only simple, work-related decisions with few, if any, work place changes. Defendant argues that this restriction in the RFC was designed to accommodate the credible restrictions from plaintiff's mental impairments, and that the ALJ reasonably determined that further restrictions were not warranted by the record (Doc. 14 at 6).

In the case of Jaramillo v. Colvin, 576 Fed. Appx. 870 (10th Cir. Aug. 27, 2014), the ALJ expressly gave great weight to a medical opinion (Dr. Mellon) that plaintiff had three moderate mental limitations, including a moderate limitation in the ability to attend and concentrate. Id. at 872, 873, 876. On

the basis of the opinions of Dr. Mellon and Dr. Wynne, the ALJ, in his RFC findings, limited plaintiff to simple, routine, repetitive, unskilled tasks.  Id. at 873.  The court held that the limitation to simple, routine, repetitive, and unskilled tasks does not clearly relate the moderate impairments found by Dr. Mellon, and given great weight by the ALJ.  Those moderate impairments must be accounted for in an RFC finding and, consequently, in a dispositive hypothetical to the VE.  As a result of this failure, the ALJ's reliance on the jobs the VE identified in response to the hypothetical was not supported by substantial evidence.  Id. at 876.

Even simple work can be ruled out by a vocational expert on the basis of a serious impairment in concentration and attention.  Moderate impairments may also decrease a claimant's ability to perform simple work.  Bowers v. Astrue, 271 Fed. Appx. 731, 733 (10th Cir. March 26, 2008); see Brosnahan v. Barnhart, 336 F.3d 671, 675 (8th Cir. 2003); Newton v. Chater, 92 F.3d 688, 695 (8th Cir. 1996)(two medical opinions indicated that that claimant had moderate limitations in his ability to maintain attention and concentration for extended periods; the vocational expert testified that a moderate deficiency in concentration and persistence would cause problems on an ongoing daily basis regardless of what the job required from a physical or skill standpoint; the court rejected the Commissioner's

contention that deficiencies in attention and concentration, along with other mental limitations, did not have to be included in the hypothetical question because the question limited the claimant's capabilities to simple jobs).

In <u>Wiederholt v. Barnhart</u>, 121 Fed. Appx. 833, 839 (10th Cir. Feb. 8, 2005), the ALJ posed a hypothetical question that limited plaintiff to simple, unskilled work, and omitted from the hypothetical the ALJ's earlier and more specific findings that she had various mild and moderate restrictions.  The court held that the relatively broad, unspecified nature of the description "simple" and "unskilled" did not adequately incorporate additional, more specific findings regarding a claimant's mental impairments (including moderate difficulty in maintaining concentration, persistence, or pace), and therefore the hypothetical question was flawed.  Because of the flawed hypothetical, the court found that the VE's opinion that the claimant could perform other work was therefore not substantial evidence to support the ALJ's decision.

The case law is clear that when the ALJ finds a moderate difficulty in maintaining, concentration, persistence and pace, or gives great weight to a medical opinion with that limitation, a limitation in the RFC to simple, routine, repetitive and unskilled tasks fails to clearly relate or incorporate the moderate impairment.  The court therefore finds that the

restriction to simple, routine, and repetitive tasks in the RFC findings fails to sufficiently relate, incorporate or accommodate the mental limitation found by the ALJ that plaintiff had a moderate difficulty in maintaining concentration, persistence and pace.  This case shall therefore be remanded in order for the ALJ to include this moderate limitation in the RFC findings and in the hypothetical question to the VE.

Plaintiff also contends that the ALJ erred in the relative weight given to the various medical opinions.  The opinions of physicians, psychologists, or psychiatrists who have seen a claimant over a period of time for purposes of treatment are given more weight than the views of consulting physicians or those who only review the medical records and never examine the claimant.  The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all.  <u>Robinson v. Barnhart</u>, 366 F.3d 1078, 1084 (10th Cir. 2004).  When a treating source opinion is inconsistent with the other medical evidence, the ALJ's task is to examine the other medical source's reports to see if they outweigh the treating source's reports, not the other way around.  Treating source opinions are given particular weight because of their unique perspective to the medical

evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations.  If an ALJ intends to rely on a nontreating physician or examiner's opinion, he must explain the weight he is giving to it.  Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004).  The ALJ must provide a legally sufficient explanation for rejecting the opinion of treating medical sources in favor of non-examining or consulting medical sources.  Robinson, 366 F.3d at 1084.

A treating physician's opinion about the nature and severity of the claimant's impairments should be given controlling weight by the Commissioner if well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record.  Castellano v. Secretary of Health & Human Services, 26 F.3d 1027, 1029 (10th Cir. 1994); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  When a treating physician opinion is not given controlling weight, the ALJ must nonetheless specify what lesser weight he assigned the treating physician opinion.  Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004).  A treating source opinion not entitled to controlling weight is still entitled to deference and must be weighed using all of the following factors:

(1) the length of the treatment relationship and the frequency of examination;
(2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed;
(3) the degree to which the physician's opinion is supported by relevant evidence;
(4) consistency between the opinion and the record as a whole;
(5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and
(6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

Watkins v. Barnhart, 350 F.3d 1297, 1300-1301 (10th Cir. 2003).

After considering the above factors, the ALJ must give good reasons in his/her decision for the weight he/she ultimately assigns the opinion. If the ALJ rejects the opinion completely, he/she must then give specific, legitimate reasons for doing so. Watkins, 350 F.3d at 1301.

The record contains opinions from Dr. Atwood (R. at 913, 925, treating physician), Dr. Schicker (R. at 961-970, examining physician), Dr. Reeves (R. at 814-817, examining physician), Dr. Siemsen (R. at 842-849, 912, non-examining physician), Dr. Tanjim ( R. at 1007-1011, treating psychiatrist), Dr. Koeneman (R. at 808-810, examining psychologist), Dr. Adams and Dr. Stern (R. at 828-840, 911, non-examining psychologists). The ALJ discussed each of the opinions in detail, and set forth the relative weight he accorded to those opinions (R. at 21-25).

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395

13

F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002).  Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence.  See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion).  The court can only review the sufficiency of the evidence.  Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo.  Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

The ALJ gave significant weight to the opinions of Dr. Siemsen, a non-examining physician.[1]  The ALJ, however, did not adopt Dr. Siemsen's opinion that plaintiff could not climb ladders, ropes or scaffolds, and provided specific reasons, with citations to the medical record, for discounting that particular opinion (R. at 21).  The ALJ found that plaintiff could occasionally climb ladders, ropes or scaffolds (R. at 16).  This finding is consistent with the only other specific physical RFC

---

[1] Dr. Siemsen affirmed the opinion of a single decision maker (SDM) (R. at 842-849, 912).  Although the decision of an SDM is entitled to no weight as a medical opinion, a medical consultant may adopt the SDM opinion as his own.  An ALJ does not err by relying on an opinion affirmed by an acceptable medial source after reviewing the evidence in the file.  Hernandez v. Colvin, Case No. 13-2596-SAC (D. Kan. Feb. 25, 2015;  Doc. 17 at 15-16).

opinion, that of Dr. Schicker (R. at 968).  The court finds that the ALJ gave specific, legitimate reasons for discounting this opinion by Dr. Siemsen.  The ALJ also included some additional postural and environmental limitations not contained in the report of Dr. Siemsen, which was to plaintiff's benefit (R. at 21).

The ALJ also gave specific, legitimate reasons for discounting the opinions of Dr. Atwood and Dr. Reeves (R. at 21-22).  Both physicians only gave opinions on the ultimate issue of disability, and did not set forth any specific physical and or mental limitations.  In fact, Dr. Atwood stated that he was unable to complete the medical source statement, and could only offer a guess as to Mr. Keel's physical limitations; he did indicate that nearly anything he would do physically would exacerbate his pain condition, and that any occupation would create stress which would cause substantial decompensation mentally (R. at 935).  Treating source opinions on issues that are reserved to the Commissioner, including whether a claimant is disabled, should be carefully considered and must never be ignored, but they are never entitled to controlling weight or special significance. SSR 96-5p, 1996 WL 374183 at *2-3.  See Franklin v. Astrue, 450 Fed. Appx. 782, 785 (10th Cir. Dec. 16, 2011)(court held that other than conclusory statement of total disability, the doctor did not express any opinion concerning

15

claimant's physical or mental capabilities; ALJ discounted opinion because it was unsupported by medical records and invaded the ultimate issue of disability which is reserved to Commissioner; the court concluded that the ALJ decision to give medical opinion little weight was supported by substantial evidence).

The ALJ also stated that he gave no weight to the opinions of Dr. Schicker, setting forth a number of reasons for discounting his opinions (R. at 22). However, Dr. Schicker's lifting/carrying limitations are consistent with or even less restrictive than the ALJ's RFC findings, and Dr. Schicker's postural limitations are either the same as, or even less limited than those contained in the RFC findings (compare R. at 16 with R. at 965-970). The ALJ found that plaintiff had a number of more restrictive environmental limitations than those found by Dr. Schicker.

On the other hand, Dr. Schicker included some manipulative limitations in handling, fingering, feeling and pushing/pulling with the hands, but offered no explanation for those limitations (R. at 967). The ALJ gave little weight to the manipulative limitations, noting that they were contrary to a number of his medical findings (preserved dexterity, negative tinel's and phalen's testing, and bilateral grip strength greater than or equal to 50 pounds, and ability to lift up to 50 pounds)(R. at

16

22).  The ALJ found that plaintiff could sit for up to 6 hours and stand/walk for 2 hour in an 8 hour workday (R. at 16).  Dr. Schicker found that plaintiff could sit for up to 5 hours, stand for 3 hours, and walk for 2 hours in an 8 hour workday (R. at 966).  Thus, Dr. Schicker found plaintiff slightly more limited in sitting, but less limited in standing/walking.  On this point, the ALJ adopted the limitations of Dr. Siemsen.  Although the evidence may support a contrary finding, the court finds no clear error in the relative weight accorded to the opinions of Dr. Schicker.

The ALJ discussed the opinions of Dr. Tanjim, and set forth detailed, specific and legitimate reasons for discounting his more restrictive mental limitations (R. at 22-24).  However, the ALJ also discounted the opinions of Dr. Koeneman, Dr. Adams and Dr. Stern that plaintiff's mental impairments did not result in significant work limitations and were not severe (R. at 22-25).  As noted above, the ALJ found that plaintiff had some mental limitations, including a moderate difficulty in maintaining, concentration, persistence and pace (R. at 24).

The ALJ discussed the medical records in great detail, and set forth a number of specific findings which led the ALJ to conclude that plaintiff was not disabled and did not have some of the more severe limitations set forth by some of the medical sources (R. at 18-25).  The court finds no clear error by the

17

ALJ in his analysis.  In summary, the court finds that the ALJ provided specific and legitimate reasons for the weight assigned to the opinions of the various medical sources; the court will not reweigh the evidence.

**IV.  Are the ALJ's credibility findings supported by substantial evidence?**

Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence.  However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.  Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).  Furthermore, the ALJ cannot ignore evidence favorable to the plaintiff.  Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence.  So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in Kepler.  White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).  Furthermore, the ALJ need not discuss every relevant factor in evaluating pain testimony. Bates v. Barnhart, 222 F. Supp.2d 1252, 1260 (D. Kan. 2002).  An

ALJ must therefore explain and support with substantial evidence which part(s) of claimant's testimony he did not believe and why. McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002). It is error for the ALJ to use standard boilerplate language which fails to set forth the specific evidence the ALJ considered in determining that a claimant's complaints were not credible. Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004). On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is linked to specific findings of fact fairly derived from the record, will be affirmed by the court. White, 287 F.3d at 909-910.

The ALJ reviewed the medical evidence in detail, including a number of specific findings which led the ALJ to discount some of plaintiff's allegations (R. at 18-20). The ALJ considered plaintiff's work history, which the ALJ also found did not support plaintiff's allegations (R. at 20-21). The ALJ also discussed in some detail inconsistencies in his activities of daily living (R. at 20, 24). The ALJ extensively discussed the medical opinion evidence, and as noted above, provided specific and legitimate reasons for the relative weight accorded to those opinions. The court will not reweigh the evidence. The court finds no clear error in the ALJ's credibility analysis, and the court will not reweigh the evidence. The court finds that the

balance of the ALJ's credibility analysis is supported by substantial evidence. <u>Branum v. Barnhart</u>, 385 F.3d 1268, 1274 (10th Cir. 2004)("While we have some concerns regarding the ALJ's reliance on plaintiff's alleged failure to follow a weight loss program and her performance of certain minimal household chores, we conclude that the balance of the ALJ's credibility analysis is supported by substantial evidence in the record").

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 10th day of March 2015, Topeka, Kansas.

                                            s/Sam A. Crow
                                            Sam A. Crow, U.S. District Senior Judge